**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| AURA LABS INC., <br><br> Plaintiff, <br><br> v. <br><br> SEMISILICON TECHNOLOGY CORP., <br><br> Defendant. | Case No.: <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT;  TORTIOUS INTERFERENCE WITH ECONOMIC RELATIONS; VIOLATION OF CONSUMER PROTECTION ACT (CPA)** <br><br> **JURY TRIAL DEMANDED** |

Aura Labs Inc. ("Aura") seeks a declaration that Aura's accused product, Aura Labs Smart TV Backlight with ASIN: B0DC3BG9T3 ("Accused Product", Ex. 1), does not directly or indirectly infringe U.S. Patent No. 8,884,546 ("the '546 Patent", Ex.2) either literally or under the doctrine of equivalents.  Aura further seeks damages from Defendant Semisilicon Technology Corp. ("Semisilicon") for interfering with their commerical relationship with Amazon in the amount in excess of $ 860,000.00.

## NATURE OF THE ACTION

1.  This is an action for a declaratory judgment of non-infringement arising under the patent laws of the United States (Title 35 of the United States Code) and the Declaratory Judgment Act, 28 U.S.C. §§2201-2202. This is further an action for damages and restitution for Semisilicon's tortious interference with Aura's economic relations with Amazon.

## PARTIES

2.  Aura has a principal place of business in the State of Washington.

3.  Semisilicon is a corporation organized and existing under the laws of Taiwan with its principal place of business at 8F-2, No. 504, Yuanshan Rd., Zhonghe Dist., New Taipei City 235, Taiwan.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338, 1367(a), and 2201(a).

5.  The Court has subject matter jurisdiction over Plaintiff's claims for declaratory judgment under 28 U.S.C. §§ 1331 and 1338(a) because those claims arise under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the Patent Act of the United States, 35 U.S.C. § 101 et seq. Further, this Court has diversity jurisdiction for the state law claim of tortious interference as the parties are also diverse and the amount of controversy exceeds the stattutory limit.

6.  The Court has supplemental jurisdiction over Plaintiff's claims for tortious interference as these claims form part of the same case or controversy and derive from a common nucleus of operative fact as Plaintiff's claims for declaratory judgment.

7.  Semisilicon has engaged in conduct in has had the impact in Washington state, notably the product at issue sold by plaintiff was marketed by Amazon and Aura has suffered or will suffer significant economic harm in Washington.

8.     Semisilicon has contacts with the state of Washington such that the maintenance of this suit does not offend traditional notions of fair play and substantial justice under under Washington's long-arm statute, notably Defendant has made demands on Amazon, which is headquartered in Washington State.

9.   Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Aura's claims occurred in this District—specifically, the issuance of a takedown notice directed to Amazon's Seattle operations. Venue is also proper under § 1391(c)(2) because Semisilicon is subject to personal jurisdiction in this District.

### STATEMENT OF FACTS

Background of Aura and Aura's Accused Product

10.     Aura Labs is a smart lighting company based in Seattle WA, built around a simple premise: smart lighting should be intuitive, easy to use and affordable. The company launched with the Aura TV Backlight, an ambient lighting system that enhances customers TV viewing experiences, and has since expanded into other lighting products that sync together to create an intuitive smart lighting ecosystem.. (See www.AuraLabs.ai).     The founders  three friends who left large technology companies to focus on the gap gap between low-cost products that were frustrating to use and premium products that were too expensive for most households.

11.     The accused product is one of Aura's flagship productsm, known ass the **Aura Smart TV Backlight**.

12. The accused product is specifically designed and tailored for televisions, and has a camera used to capture the color from the screen of the television. As the color from the screen of the television changes, the color displayed from the TV LED backlight changes accordingly.



Semisilicon's Demand on Amazon

13. Amazon, Inc. receives complaints about patent infringement for products that are distributed thtorught their on-line platoform.

14. On or about March 5, 2026, Aura received notice that an allegation of patent infringement complaint was sent to Amazon's legal by Semisilicon improperly claiming that Aura's infringed one or more claims of Aura's

15. Amazon, in response to this notice, gave notice to Aura that the Aura Smart TV Backlight could not be sold and product in inventory had to be removed from Amazon distribution.

## COUNT I

### (Declaration Judgment of Non-Infringement of the '546 Patent)

16.    Aura restates and incorporates by reference the allegations in paragraphs 1 through 15 above as if set forth fully herein.

17.    Semisilicon alleges ownership all rights, title, and interest in the '546 Patent, including the right to enforce the '546 Patent.

18.    Aura's product **Aura Smart TV Backlight** does not directly or indirectly infringe one or more claims of the '546 Patent, either literally or under the doctrine of equivalents.  Alternately, Aura's product **Aura Smart TV Backlight** does not infringe as the '546 patent iis invalid.

19.    Below is a photo of Aura's product, wherein the control units of Aura's product comprise ends (in blue circle) made of soft material welded on the circuit board, and wherein the ends **are soft, bended, and flexuous, and possess none of the features of stiff, sharp, straight, or slender**.

20.    A substantial, immediate, real, and justiciable controversy exists between Plaintiff and Semisilicon regarding whether Plaintiff's product infringes the '546 Patent by making, using, selling and/or offering for sale the Aura LED light strips in the United States. A judicial declaration is necessary to determine the parties' rights regarding the '546 Patent.

21.    Plaintiff seeks a judgment declaring that Plaintiff does not infringe, either literally or under the doctrine of equivalents, any claim of the '546 Patent by making, using, selling and/or offering for sale the Aura LED light strips either directly under 35 U.S.C. §271(a) or indirectly under 35 U.S.C. §§ 271(b) and (c).

## COUNT II

### (Tortiouss Interference with Business Expectancy)

22.    Plaintiff restates and incorporates by reference the allegations in paragraphs 1 through 21 above as if set forth fully herein.

23.    Aura works with Amazon to sell their **Aura Smart TV Backlight** on the Amazon platoform.  Aura uses Amazon to advertise, disttibute, collect payments, and handle retturns of the **Aura Smart TV Backlight.**

24.    Semisilicon knew that Aura had an ongoing business relationship with Amazon to sell its products on Amazon's website, as evidenced by Defendant's assertion that one of Aura's products infringed the '546 patent claimed by Semisilicon on Amazon's website via electronic mail.

25.    Rather than bring a direct claim of infringement against Aura for the alleged infringement by sale of the **Aura Smart TV Backlight.**   Semisilicon intentionally interfered with Aura's business relationship with Amazon by making baseless allegations to Amazon that Aura's **Aura Smart TV Backlight** infringed the '546 patent, which will induce or prevent Amazon from continuing to sell Aura's product at issue.

26.    Semisilicon's interference of Aura's relationship with Amazon has and will cost Aura significant sales, goodwill, lost profits, lost business opporunities, and reputational damages.

## COUNT III

### (Violation of Consumer Protection Act)

27.    Plaintiff restates and incorporates by reference the allegations in paragraphs 1 through 26 above as if set forth fully herein.

28.    Aura designed and imports the **Aura Smart TV Backlight** into the United States from manufacturers overseas.

29.    Aura has a number of distibution channels, including direct distribution via their website, and electronic distributors, including Amazon.

From: patent-evaluation@amazon.com
Date: Thu, Mar 5, 2026, 12:47 AM
Subject: RE:[CASE 195956073311] Notice: Amazon Patent Evaluation Express Program - Action Required
To: <josias.garcia@auralabs.ai>

Hello,

We received a report from a patent owner who believes the items listed at the end of this email infringe their U.S. Patent No. 8,884,546.

If you wish to continue selling the items listed at the end of the email, you have two choices.

First, you can choose to resolve your claim with the patent owner directly within the next three weeks.  If we receive a retraction from the patent owner within the next three weeks, we will allow you to continue selling the items listed at the end of this email. The patent owner's contact information is as follows:

Semisilicon Technology Corp.
jackyp@semitech.com.tw
8F-2, No. 504, Yuanshan Rd., Zhnghe Dist., New Taipei City, Taiwan

30.    Normally, the patent holder would bring a direct claim of infringement against Aura for the alleged infringement as the exclusive US distributor of the **Aura Smart TV Backlight.**    The resolution of this claim would either result in a payment of a reasonable royalty that would account for all end-user purchases.

31.    Instead,  Semisilicon is ising Amazon, as a key subdistributor to leverage either force payment of higher than market royalties and/or limit supply of a non-infirnging product to consumers in the U.S.  This process is unfair and misuse of the limited monopoly granted to the patent holder.

## PRAYER FOR RELIEF

Aura respectfully requests judgment and relief against SemiSilicon as follows:

A.      Declaring that Plaintiff Aura's Product , **Aura Smart TV Backlight**, (and related products) do not directly or indirectly infringe any valid and enforceable claim of the '546 Patent, either literally or under the doctrine of equivalents;

B.      Declaring the '546 Patenrt is invalid;

C.      For an injunction precluding Semisilicon, its officers, directors, employees, agents, and all other persons acting in concert or participation with them from suing for infringement or otherwise asserting infringement of the '546 patent against Aura, including further correspondence with Amazon   and other key subdistributors for asserting infringement;

D.      For damages arising from Aura's lost profits, goodwill, lost profits, lost business opporunities, and reputational damages, due Aura's communiction to Amazon;

E.      For damages related to violations of Washington States's consumer protection law;

F.      For a prejudgment order requiring the posting of a bond for security and costs;

G.       For pre-judgment and post-judgment interest on all damages awarded;

H.      For costs and reasonable attorneys' fees incurred in connection with this action; and

I.      Such further and additional relief as the Court deems just and proper.

Date: April 13, 2026                Respectfully submitted,

By:  /s/ J. Curtis Edmondson
J. Curtis Edmondson (SBN 43795)
Attorney for Plaintiff *Aura Labs Inc.*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and L.R. 38-1, Plaintiff hereby demands a jury trial on all issues so triable.


Date: April 13, 2026                     Respectfully submitted,


                                         By:  /s/ J. Curtis Edmondson
                                              J. Curtis Edmondson (SBN 43795)
                                              Attorney for Plaintiff *Aura Labs Inc.*