**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| AURA LABS INC.,<br><br>Plaintiff,<br><br>vs.<br><br>SEMISILICON TECHNOLOGY CORP.,<br><br>Defendant. | Case No.: 2:26-cv-01297-KKE<br>*(Assigned to Hon Kimberly K. Evanson)*<br><br>**OPPOSITION TO SEMISILICON TECHNOLOGY CORP.'S MOTION TO DISMISS THE FAC**<br><br>Noted for Motion Consideration:<br>September 30, 2026<br><br>Oral Argument Requested |

Aura Labs Inc. ("Aura") submits this Opposition to Semisilicon Technology Corp.'s ("Semisilcon") Motion to Dismiss (ECF 17, "MTD") the Plaintiff's First Amended Complaint ("FAC") (ECF 16) brought under Fed. R. Civ. Pro. 12(b)(b) for failure to state a claim upon which relief may be granted.

## I. SUMMARY

Aura has pled sufficient facts overcoming the *Twombly/Iqbal* standard for non-infringement of the U.S. Patent No. 8,884,546 (the "'546 patent") ("Count I"). Notably that the FAC pleads at ¶19 that the "…Aura Labs Master Control Unit is not directly connected

to an "alternating current power source" (e.g. non-infringement) and that the FAC pleads at ¶13,38 that the claims are invalid in view of the material prior art that inventor Peng failed to disclose the USPTO during prosecution of the '546 patent (see U.S. Patent 7,852,011 ('011 Patent). This failure to disclose the '011 patent during prosecution renders the '846 patent invalid under *Walker Process*. *Walker Process Equip., Inc. v. Food Mach. & Chem. Corp.,* 382 U.S. 172, 177 (1965); See also *TransWeb, LLC v. 3M Innovative Props. Co.,* 812 F.3d 1295, 1309 "finding invalidation of 3M patents on *Walker Process* claims". If the '546 patent is invalid in view of the '011 patent, then Aura cannot infringe. As Semisilicon's challenge to Count I requires extrinsic evidence and Aura has pled a *prima facie* case, Semisilicon's motion should be denied as to Count I.

The next two claims, Tortious Interference with Economic Relations ("Count II"), and Violation of the Consumer Protection Act (CPA) ("Count III") are intimately connected to the prosecution of the '011 patent, and Semisilicon's *Walker Process* fraud on the patent office. As noted in *Transweb*, above, a jury's finding that inventor Peng (and his counsel) committed inequitable conduct during the prosecution of the '546 patent, this can strip the patent holder of any defense under *Noerr-Pennington*. *Id.* at 1311-1311. That is the core of Semisilicon's attack on Count's II and III. As Counts II and III require extrinsic evidence to either determine *Walker Process* and/or the sham litigation exception to *Noerr-Pennington*.

To the extent that this Court finds the allegations insufficient, then Aura requests leave to amend.

## II. FACTUAL BACKGROUND

On June 9, 2008, Inventor Wen-Chi Peng ("Peng") filed for the application leading to the '011 patent (see RJN, Ex. 1). In the '011 patent, Figures 1 and 2, the specification describes admitted LED lamp strip modules prior art. (See '011 specification, Col 1, ln 7 to Col 2, ln 9). The prior art shows a power converter (200) from AC to DC (see V+ (101)

and V- (102) and an LED control line (201, 103, 104). Inventor Peng's improvement, over the admnitted prior art, was to daisy-chain multiple light stips together.

Peng failed to file an Information Disclosure Statement (IDS) with the '011 application despite admitting in the patent application that prior art existed. (See RJN, Ex. 2). The filing of an IDS is to give notice of any prior art for the examiner to consider. (See RJN, Ex. 3, excerpts from the MPEP, Chapter 3).

On September 14, 2011, Peng filed an application that became the '846 patent on November 11, 2014. Peng filed no IDS nor cited any prior art in his patent application despite filing the ' 011 patent three years earlier. (FAC, Ex. 1). Both application involve LED Light strings.

In 2025, Aura, a Seattle Based startedup began selling Aura's flagship products, Smart TV Backlight. (ECF 16, ⁋ 21) on Amazon. It is an ambient light system that enhances customers' television viewing experience and is designed and tailored for the TV. The Aura Smart TV Backlight is shipped with three (3) components, but only two are required for the unit to operate: (a) a light strip, (b) a controller unit powered by direct current, and (c) a standard off-the-shelf converter. (ECF 16 ⁋ 25.)

Semisilicon then gave notice to Amazon regarding the alleged infringement of the "'546 patent. ( FAC, ¶ 28). Amazon, based on Semisilicon's allegations of infringement began the delisting process of the Smart TV Backlight from the Amazon platform, depriving Aura of the primary consumer products distribution platform. ( FAC, ¶ 29).

## III. LEGAL STANDARD

To support a suit under the Declaratory Judgment Act, the facts must show a substantial controversy, real and immediate between parties having adverse legal interests. See *Strike 3 Holdings, LLC v. Doe* 2020 U.S. Dist. LEXIS 18528 *11 citing to *MedImmune, Inc. v. Genentech, Inc*., 549 U.S. 118 (2007).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

face."*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S.544 (2007).

An inventor has an affirmative duty to disclosre all material prior art to the patent office so that the Exmainer may consider is relevance in determining the patentability of one or more claims. See 37 C.F.R. 1.97; Semisilcon failed to file an IDS in either the '011 or the '546 patent applications.

## IV. ARGUMENT

### A. AURA ADEQUATELY ALLEGES NON-INFRINGEMENT (COUNT I) OF '846 PATENT AS THE AURA SMART TV BACKLIGHT DOES NOT INFRINGE CLAIMS 4-6 OF THE PATENT OR THE '846 PATENT IS INVALID.

Semisilicon's argument that Aura "....instead confirms Semisilicon's allegations…" (MTD, Pg. 12), misreads the pleading requirements under FRCP 8 and *Twombly/Iqbal.* It also asks this Court to perform claim construction at the pleading stage, which is improper. See *Schuyleman v. Barnhart Crane & Rigging Co.* 2023 U.S. Dist. LEXIS 219198 *9 "…A plaintiff is not required to plead infringement on an element-by-element basis…".

By the same token, in a declaratory relief action, a DJ complaint cannot be defeated by Semisilicon's bare assertion that Aura "admits" to literal infringement prior to claim construction and then followed by a non-infringement analysis typically done by experts. See *Vivid Techs., Inc. v. American Science & Eng'g, Inc.*200 F.3d 795, 809 (1999) "...The grant of summary judgment of non-infringement, with respect to accused devices whose components or methods are not readily observable and are in dispute, requires sufficient discovery to assure that the issue has been fully and fairly resolved"

This is even more true in the context of invalidity in view of the judicially noticeable documents. As noted above, inventor Peng admitted in his '011 patent that a certain configuration of an LED light string was already admitted prior art. This prior art light string shows an AC wall plug connection, a DC output, and control signal to an LED light string.

The Aura Smart TV Backlight merely practices what Peng has already admitted exists as prior art in the ‘011 patent. Therefore, Semisilicon’s allegations of infringement of claims 4,5, and/or 6 of the ‘846 patent would completely fail under 35 U.S.C. §102 (anticipation) and 35 U.S.C. §103 (obviousness). *Teva Pharm. Indus. v. AstraZeneca Pharms. LP,* 748 F. Supp. 2d 453, 462 ‘…invoking the "century-old axiom of patent law . .. that a product which would literally infringe if later in time anticipates if earlier That which infringes, if later, would anticipate if earlier"…’.

But as noted, this is for the Court to consider once a complete factual record is developed after claim construction and infringement analysis. This is not to be considered at this stage of the pleadings.

Therefore, Aura requests that this Court deny Semisilicon’s motion to dismiss Count I of the FAC.

**B. AURA ADEQUATELY PLEADS TORTIOUS INTERFERENCE WITH AURA’S BUSINESS RELATIONSHIP WITH AMAZON (COUNTS II and III) SUFFICIENT TO OVERCOME *NOERR-PENNINGTON***

**i. <u>AURA Adequately pleads Counts II and II.</u>**

Aura distributes their Aura Smart TV Backlight on the Amazon platform, and Amazon advertises, distributes, collects payments and handles returns of the Aura Smart TV Blacklight. There is no dispute that Amazon is the primary distribution platform for consumer products in the United States and distribution of new products is a “make or break” for startups.

Washington recognizes a claim for tortious interference with a business expectancy where the plaintiff alleges: (1) a valid contractual relationship or business expectancy; (2) knowledge; (3) intentional interference inducing or causing breach or termination; (4) improper purpose or improper means; and (5) resultant damage. *Leingang v. Pierce County Medical Bureau, Inc.*, 131 Wash. 2d 133, 157 (1997). In its FAC, Aura alleges a business expectancy with Amazon at ⁋ 41, Semisilicon’s knowledge of that relationship at FAC ⁋ 42,

intentional communications to Amazon at FAC ⁋⁋ 42-43, interference through allegedly baseless patent assertions at FAC ⁋ 43, and resulting economic and reputational harm at ⁋⁋ 48-49 (See, Dkt 16, ⁋⁋ 40 - 49. This is sufficient to state a claim for tortious interference.

Semisilicon contends that the fourth element is missing from Aura's allegations. Aura strongly disputes this. Aura's FAC that Semisilicon used allegedly <u>baseless patent assertions</u> as the means of interfering with Aura's Amazon relationship. (Dkt. 16, ⁋ 43.) That allegation, plus the automatic referral to Amazon's private tribunal called APEX without any advanced knowledge of the evaluator (⁋ 44-45), supplies a plausible basis for improper means or purpose. The improper purpose or means is also evident by the forced use of APEX, or alternatively the owner's product is pulled off of the Amazon platform. (⁋ 45-46). The most persuasive piece of impropriety here—that Semisilicon had prior art (at the USTPO) that was not disclosed, and now fraudulently withholding information about the differences between the products here in this proceeding (Dkt. 16, ⁋ 48).

To state a claim for violations of the Washington Consumer Protection Act, "a CPA claimant must establish five elements: (1) an unfair or deceptive act or practice (2) in trade or commerce (3) that affects the public interest, (4) injury to the plaintiff's business or property, and (5) causation." *Wright v. Lyft, Inc.*, 189 Wn.2d 718, 406 P.3d 1149, 1153 (Wash. 2017) (citation omitted). Here, the CPA prohibits unfair methods of competition and unfair or deceptive trade or commerce acts. RCW 19.86.020.

Semisilicone alleges that plaintiff's FAC does not plead allegations as to the first, third and fifth elements of this claim. However, Plaintiff's FAC does allege an unfair or deceptive act or practice by alleging that Aura received an e-mail from Amazon on behalf of the patent owner with the e-mail referenced in ⁋ 53—that forces Aura to engage in the forced APEX program or take down its its product. (See also, ECF 16, ⁋⁋ 44-45.) Since Aura incorporates by reference its earlier allegations, these allegations in earlier paragraphs support the claim. Allegations exist that the NPE (Non Practicing Entity) (here Semisilicon) only has to send a letter—whether legitimate or fraudulent—and force Aura

to chose between paying a higher than market royalty or be sued or put out of business. (see ¶¶ 46-47, 55.)

The element of a public interest is also alleged by incorporation of earlier paragraph allegations. First, Aura alleges acquisition of the patent was tainted with inequitable conduct and fraud on the patent office, and that the inventor was in possession of significant prior art that he intentionally failed to disclose to the patent examiner—would affect a significant segment of the public. (ECF, ¶ 48.) Second, the use of Amazon as a key subdistributor to leverage payment of attorneys' fees or pay higher than warranted royalties—which would extend to all end-user purchases, e.g., the public. (ECF, ¶ 54-55.) Further, Plaintiff alleges the process is unfair and a misuse of the limited monopoly granted to a patent holder. (ECF, ¶ 55.)

Finally, the fifth element is tied to the allegations in the last paragraph of the FAC—that Semisilicon was forcing the public to chose between the two options just referenced above. ¶¶ 49, 55.)

On both counts, II and III, Aura has adequately pled violations of Washington State Law claims. Aura respectfully asks that the Court deny Semisilicon's motion to dismiss on this basis, or if inadequately pled, allow for leave to amend.

**ii. AURA's COUNT II and III SEMISILICON'S CLAIM OF FEDERAL LAW PREEMPTING THE STATE LAW CLAIMS ARE NOT APPLICABLE UNDER GLOBETROTTER AS AURA HAS PLED THAT THE '011 PATENT ADMITS PRIOR ART THAT ANTICIPATES THE '846 PATENT.**

Semisilicon argues that *Globetrotter* preempts state-law claims arising from patent-enforcement communications unless the asserted infringement position is objectively baseless and made in subjective bad faith. (MTD, pp. 3-4) *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, , 1374 (Fed. Cir. 2004);

Federal patent law does not preempt a state-law claim if the claim: (1) requires proof of elements not required for a patent law claim; and (2) does not, as a practical matter, offer protections like those offered by federal patent law. *Rodime PLC v. Seagate Tech., Inc.,* 174 F.3d 1294, 1306 (Fed. Cir. 1999). The elements of Counts II and III are separate and apart from patent law claims, predicated on bad faith assertions to a third party, Amazon. Globetrotter supports Aura's position that the claims were made in bad faith due to inequitable conduct before the USPTO for Semisilicon's failuire to cite to the USPTO clearly relevant prior art (the admitted prior art in the '011 issued patent). The standard as stated in *Globetrotter* is ":…bad faith is not supported when the information is objectively accurate..". *Id.* at 1377. Therefore, Bad faith is supported when there is "… actual deceptive intent must be shown to be the single most reasonable inference able to be drawn from the evidence…" *Glob. Tubing LLC v. Tenaris Coiled Tubes LLC*, 167 F.4th 1357, 1370 (Fed. Cir. 2026). Aura has made a clear *prima-facie* case for bad faith. The prior art reference is by the same inventor, the same company (Semisilicon), the same patent attorney, involving the same technology (LED Light Strings), with the same configuration being claimed that Aurai infringes.

This issue has already been decided in this District under Washington State Law. In 2022, the State of Washington brought suit against a patent holder, Landmark Technology, for bad-faith patent assertion of patent rights against entities located in Washington. *Washington v. Landmark Tech. A, LLC*, 637 F. Supp. 3d 1154, (2022). Landmark made the same arguments in their motion to dismiss: federal preemption and Noerr-Pennington, which were rejected as being adequately pled.

On reply, Semisilicon may aver that the FAC fails to meet the FRCP 9(b) pleading standard for inequitable conduct. ("*who, what, when, where, and how of the material misrepresentation*"), but that solution to that argument is not dismissal rather dismissal with leave to amend.

## III. CONCLUSION

Leave to amend should be granted if the Court identifies any pleading deficiency, Aura respectfully requests leaveto amend unless amendment would clearly be futile. For these reasons.

Plaintiff Aura Labs, Inc. respectfully requests that the Court DENY Defendant Semisilicon Technology Corp.'s Motion to Dismiss the Amended Complaint.

Respectfully submitted,

Dated: September 21, 2026

*/s/ J. Curtis Edmondson*
J. Curtis Edmondson
Attorney for Plaintiff

I certify that this memorandum contains approximately 2759 words, excluding the portions excluded from the word count under W.D. Wash. LCR 7(e).

Dated: September 21, 2026

*<u>/s/ J. Curtis Edmondson</u>*
J. Curtis Edmondson
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, J. Curtis Edmondson, am over the age of 18 and my business address is 3720 SW 141st Avenue, Suite 212, Beaverton OR 97005.

I hereby certify that I served the following documents: **OPPOSITION TO SEMISILICON TECHNOLOGY CORP.'S MOTION TO DISMISS THE AMENDED COMPLAINT**

on the following persons:

Kathleen C. Bricken (WSBA #25589)
kathleen.bricken@foster.com
FOSTER GARVEY PC
121 SW Morrison Street, Suite 1100
Portland, OR 97204
Telephone:(503) 553-3103

Ming-Tao Yang
ming.yang@finnegan.com
Jeffrey D. Smyth
jeffrey.smyth@finnegan.com
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
3300 Hillview Avenue, 2nd Floor
Palo Alto, CA 94304
Telephone:(650)849-6600

*Attorneys for Defendant Semisilicon Technology Corp.*
Service was completed in the following matter:

( X ) **By E-mail or Electronic Transmission**: Based on and in accordance with a court order or agreement of the parties to accept service by e-mail or electronic transmission, I caused a true copy of the document(s) to be sent to the person(s) at the corresponding electronic address as indicated on CMECF. I am readily familiar with this firm's Microsoft Outlook electronic mail system and did not receive any electronic message or other indication that the transmission was unsuccessful.

*/s/ J. Curtis Edmondson*

Dated: September 21, 2026

J. Curtis Edmondson, SBN43795
Attorney for Plaintiff