The Honorable Kymberly K. Evanson

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**SEATTLE**

| | |
|---|---|
| AURA LABS INC.,<br><br>Plaintiff,<br><br>v.<br><br>SEMISILICON TECHNOLOGY CORP.,<br><br>Defendant. | CASE NO. 2:26-cv-01297-KKE<br><br>**DEFENDANT SEMISILICON TECHNOLOGY CORP.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Noted for Consideration:<br>October 7, 2026 |



FOSTER GARVEY PC
121 SW MORRISON STREET, SUITE 1100
PORTLAND, OR 97204
TEL: (503) 553-3103

## TABLE OF CONTENTS


I. INTRODUCTION ........................................................................................................1

II. ARGUMENT...............................................................................................................2

A. Count I Fails Because Aura's Own Allegations Show Infringement and Aura Pleads No Claim for Patent Invalidity. ....................................................................2

1. Aura fails to explain how its amended complaint plausibly alleges noninfringement when the accused products as shipped meet the claim limitations. ..........................................................................................2

2. Aura has not alleged a claim seeking declaratory judgment of invalidity and a Walker Process claim does not provide such relief. ..........3

B. Plaintiff's Counts II and III Are Preempted and Barred by *Noerr-Pennington*.......4

1. Globetrotter requires objective baselessness as a threshold, and where it is not alleged, preemption applies. ..........................................................4

2. The holding in Landmark does not save Plaintiff's claims here.................5

3. Semisilicon's initiation of an Amazon APEX proceeding does not constitute bad faith. ......................................................................................6

C. Plaintiff Has Not Alleged Facts Sufficient to Support Counts II And III, Even If Not Preempted or Barred by *Noerr-Pennington*. ..............................................7

1. Aura has not alleged facts supporting each element of a claim for tortious interference. .....................................................................................7

2. Aura has not alleged facts supporting each element of a Consumer Protection Act claim. ....................................................................................7

III. THE COURT SHOULD DENY PLAINTIFF'S REQUEST FOR LEAVE TO AMEND ....................................................................................................................9

A. Plaintiff Has Already Attempted to Amend its Complaint And Failed to Allege Viable Claims. ......................................................................................9

B. Plaintiff's Attempt To Amend Would Be Futile Because Aura Cannot Undo Its Admissions Or Overcome Federal Preemption. ..............................................10

1. Count I is barred by Aura's own admissions. ..........................................10

2. Counts II and III are preempted by federal patent law. ............................10

IV. CONCLUSION..........................................................................................................11





FOSTER GARVEY PC
121 SW MORRISON STREET, SUITE 1100
PORTLAND, OR 97204
TEL: (503) 553-3103

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Carvalho v. Equifax Info. Servs., LLC*,
629 F.3d 876 (9th Cir. 2010) ....................9, 10

*Foman v. Davis*,
371 U.S. 178 (1962)....................9

*Globetrotter Software, Inc. v. Elan Comput. Grp., Inc.*,
362 F.3d 1367 (Fed. Cir. 2004)....................4, 5

*Godox Photo Equip. Co. v. Profoto Aktiebolag*,
No. C25-0502-KKE, 2025 WL 2172705 (W.D. Wash. July 31, 2025)....................6, 7, 8

*GP Indus., Inc. v. Eran Indus., Inc.*,
500 F.3d 1369 (Fed. Cir. 2007)....................6, 8

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*,
105 Wn.2d 778, 719 P.2d 531 (1986)....................7

*Leadsinger, Inc. v. BMG Music Publ'g*,
512 F.3d 522 (9th Cir. 2008) ....................10

*Leingang v. Pierce Cnty. Med. Bureau, Inc.*,
131 Wn.2d 133, 930 P.2d 288 (1997)....................7

*Salameh v. Tarsadia Hotel*,
726 F.3d 1124 (9th Cir. 2013) ....................9

*Schuyleman v. Barnhart Crane & Rigging Co.*,
2023 U.S. Dist. LEXIS 219198 ....................3

*Sisseton–Wahpeton Sioux Tribe v. United States*,
90 F.3d 351 (9th Cir. 1996) ....................9

*Spectrum Sports, Inc. v. McQuillan*,
506 U.S. 447 (1993)....................4

*Therasense, Inc. v. Becton, Dickinson & Co.*,
649 F.3d 1276 (Fed. Cir. 2011) (en banc)....................5

*TransWeb, LLC v. 3M Innovative Props. Co.*,
812 F.3d 1295 (Fed. Cir. 2016)....................4

*United States v. Corinthian Colls.*,
655 F.3d 984 (9th Cir. 2011) ....................10



FOSTER GARVEY PC
121 SW MORRISON STREET, SUITE 1100
PORTLAND, OR 97204
TEL: (503) 553-3103

*Walker Process Equip., Inc. v. Food Mach. & Chem. Corp.*,
382 U.S. 172 (1965) ........ 1, 4

*Washington v. Landmark Tech. A, LLC*,
637 F. Supp. 3d 1154 (W.D. Wash. 2022) ........ 5, 6, 8, 10

*Wright v. Lyft, Inc.*,
189 Wn.2d 718, 406 P.3d 1149 (2017) ........ 7

*Zucco Partners, LLC v. Digimarc Corp.*,
552 F.3d 981 (9th Cir. 2009) ........ 9

**Statutes**

35 U.S.C. §§ 102, 103 ........ 3

35 U.S.C. § 282 ........ 3

Consumer Protection Act, ch. 19.86 RCW ........ 6

Patent Troll Prevention Act, ch. 19.350 RCW ........ 5

**Other Authorities**

Fed. R. Civ. P. 15(a)(2) ........ 9

## I. INTRODUCTION

Aura's opposition to Semisilicon's motion to dismiss fails to overcome the many flaws in Aura's amended complaint. Nor has Aura met its burden to allege a plausible claim on which the Court may grant relief. Because Aura has now tried and failed twice to allege viable claims, and identified no specific, proposed amendments that would result in a viable claim for relief, the Court should dismiss this case in its entirety.

As to Count I for patent noninfringement, Aura presents an entirely new noninfringement theory, but it nevertheless fails, because the claims of the '546 patent do not recite the "directly connected" limitation Aura depends on. Instead, claim 4 provides "a master control unit . . . being *electrically connected to the alternating current power source*." ECF No. 16, at 31. Further, Aura concedes in the same paper that its product "is shipped with . . . [a] standard off-the-shelf power converter" (ECF No. 16, ¶ 25), which confirms the presence of the claimed alternating current ("AC") power source. Aura also confusingly argues it is entitled to judgment of noninfringement because the '546 patent is allegedly "invalid under *Walker Process*." ECF No. 20 at 2. But invalidity does not establish noninfringement, and Aura's amended complaint alleges no claim for invalidity.

In its amended complaint, Aura also attempts to fix the deficiencies of its state-law claims asserted in Counts II and III, but it cannot overcome the clear bar of federal preemption. The law requires that Aura allege an objectively baseless patent assertion by Semisilicon, but Aura's amended complaint contains no such allegation. In fact, Aura's admission by pleading, stating that it shipped products with a power converter, shows the reasonableness, not baselessness, of Semisilicon's patent assertion. Aura also attempts to blame Semisilicon for alleging infringement through Amazon's Patent Evaluation Express ("APEX") process, but Aura itself chose not to participate in that process, and this Court has confirmed that using the APEX program does not establish objective bad faith. Aura's Counts II and III are therefore preempted by federal patent law, barred by *Noerr-Pennington*, and incurably deficient under Washington law.

Finally, Aura requests permission to try for a third time, but it concedes that its fraud-based theories may not satisfy Rule 9(b) and it has identified no new facts nor specific amendment it could add to overcome these deficiencies. ECF No. 20 at 8. Because the amended complaint's flaws are legal

rather than factual, any further amendment would be futile, and the Court should dismiss this case with prejudice.

## II. ARGUMENT

In its second attempt to assert viable claims, Aura has failed to allege facts sufficient to state any claim that is plausible on its face. The Court should dismiss all three counts.

### A. Count I Fails Because Aura's Own Allegations Show Infringement and Aura Pleads No Claim for Patent Invalidity.

To defend its declaratory judgment claim for noninfringement under Count I, Aura argues that it has met the *Twombly/Iqbal* standard either (1) because it has sufficiently alleged noninfringement or (2) because the '546 patent should be found invalid. ECF No. 20 at 1–2. Neither argument saves Count I. And neither is supported by Aura's amended complaint, which instead suggests infringement.

#### 1. Aura fails to explain how its amended complaint plausibly alleges noninfringement when the accused products as shipped meet the claim limitations.

Aura's declaratory judgment claim of noninfringement does not provide a plausible basis on which the Court could find the claim not infringed, because Plaintiff has instead admitted infringement.

Plaintiff argues in conclusory fashion that it has pled sufficient facts to overcome the *Twombly*/*Iqbal* standard for noninfringement of the '546 patent, "[n]otably that the FAC pleads at ¶ 19 that the '. . . Aura Labs Master Control Unit is *not directly connected* to an 'alternating current power source' (e.g. non-infringement)." ECF No. 20 at 1–2 (emphasis added). But as explained in Semisilicon's motion, "Aura itself added [the directly connected] limitation when the word 'directly' appears nowhere in the claims." ECF No. 18 at 6. Offering no explanation, Aura's opposition simply repeats the baseless allegation in the amended complaint. By Plaintiff's own admission, the Aura Smart TV Backlight is "shipped with three (3) components," including "(a) a light strip, (b) a controller unit powered by direct current, and (c) a standard off-the-shelf converter." ECF No. 20 at 3 (citing ECF No. 16, ¶ 25). The "off-the-shelf converter" connects the accused product to an AC power source. Thus, the product as shipped meets claim 4's limitation of "a master control unit . . . being *electrically connected to the alternating current power source*." ECF No. 16, ¶ 31.

On the issue of infringement, Aura wrongly suggests that Semisilicon's motion asks the Court to conduct claim construction at the pleading stage. ECF No. 20 at 4.[1] The motion merely points out that Plaintiff's complaint admits that the accused products have the features that the plain claim language requires. It is instead Aura's allegations that appear to depend on the absence of a "direct" connection not recited in the claims to establish noninfringement, and Aura identifies no basis for any such construction. Moreover, Aura also suggests that noninfringement analysis is "typically done by experts," *id.*, but the potential need for expert testimony does not relieve Aura of its burden to plead a factual basis for its claims.

**2. Aura has not alleged a claim seeking declaratory judgment of invalidity and a Walker Process claim does not provide such relief.**

Plaintiff confusingly argues that its declaratory judgment claim for noninfringement was adequately pled based on invalidity. However, noninfringement and invalidity are two very different defenses to a patent infringement claim. Aura's First Amended Complaint ("FAC") pleads only noninfringement, not invalidity. In fact, Aura's amended complaint alleges no fact to support or establish invalidity. While it is true that "[i]f the '546 patent is invalid in view of the '011 patent, then Aura cannot infringe" (ECF No. 20 at 2), invalidity and noninfringement are separate legal doctrines. Thus, even if Plaintiff had plausibly alleged a factual basis for invalidity, doing so would not establish noninfringement.

Importantly, an issued patent is presumed valid, 35 U.S.C. § 282, and the party asserting invalidity bears the burden of overcoming that presumption with specific facts. Aura's amended complaint identifies no statutory ground for invalidity under 35 U.S.C. §§ 102, 103, or 112, and no facts of any kind suggesting that any claim of the '546 patent is anticipated, obvious, or indefinite. Plaintiff appears to acknowledge this deficiency in attempting to reference "judicially noticeable documents." ECF No. 20 at 4.

---

[1] Plaintiff's opposition cites *Schuyleman v. Barnhart Crane & Rigging Co.,* 2023 U.S. Dist. LEXIS 219198, at *9, which appears to concern the standard for alleging infringement, not allegations requiring claim construction.

Plaintiff also argues that it has somehow alleged invalidity "under *Walker Process*" (ECF No. 20 at 2), but *Walker Process* is not an invalidity doctrine. *See Walker Process Equip., Inc. v. Food Mach. & Chem. Corp.,* 382 U.S. 172, 177 (1965). Rather, *Walker Process* recognizes a Sherman Act § 2 antitrust claim for enforcing a patent obtained by knowing and willful fraud. *Id*. A claim under *Walker Process* requires antitrust elements that Plaintiff has never alleged: "To establish monopolization or attempt to monopolize a part of trade or commerce under § 2 of the Sherman Act, it would then be necessary to appraise the exclusionary power of the illegal patent claim in terms of the relevant market for the product involved." *Id.*; *see also TransWeb, LLC v. 3M Innovative Props. Co.*, 812 F.3d 1295, 1306 (Fed. Cir. 2016) (explaining that the other elements necessary to establish an attempted monopolization claim are "(1) that the defendant has engaged in predatory or anticompetitive conduct with (2) a specific intent to monopolize and (3) a dangerous probability of achieving monopoly power") (quoting *Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447, 456 (1993)). Even if Aura were properly asserting a claim under *Walker Process*, Aura does not address the market effect or economic consequences of the '546 patent's alleged exclusionary power.

Aura quotes *TransWeb* as "finding invalidation of 3M patents on *Walker Process* claims" (ECF No. 20 at 2), but the quoted language does not appear in *TransWeb*. *See generally TransWeb,* 812 F.3d 1295. Moreover, in *TransWeb* the patents at issue were invalidated because of public disclosure through samples of the patented technology distributed at a trade show, not on *Walker Process* grounds. *Id.* at 1300. The remedy, TransWeb received for 3M's *Walker Process* antitrust violation was lost-profits damages and attorney fees, not invalidation of a patent. *Id.* at 1306.

In sum, Plaintiff's allegations concerning invalidity and/or *Walker Process* claims do not save Count I or establish a plausible basis for Plaintiff's claim for noninfringement.

### B. Plaintiff's Counts II and III Are Preempted and Barred by *Noerr-Pennington*.

#### 1. *Globetrotter* requires objective baselessness as a threshold, and where it is not alleged, preemption applies.

As Semisilicon explained in its motion, "[a] plaintiff claiming that a patent holder has engaged in wrongful conduct by asserting claims of patent infringement must establish that the claims of infringement were objectively baseless." ECF No. 18 at 5 (quoting *Globetrotter Software, Inc. v. Elan*

*Comput. Grp., Inc.*, 362 F.3d 1367, 1377 (Fed. Cir. 2004)). Aura does not attempt to meet that standard. Instead, it conflates the standards for inequitable conduct and bad faith into a single argument.

Aura reasons that because "bad faith is not supported when the information is objectively accurate," it follows that "[b]ad faith is supported when there is '. . . actual deceptive intent [that] must be shown to be the single most reasonable inference able to be drawn from the evidence.'" ECF No. 20 at 8. That reasoning fails at every step. First, Aura infers the converse of the holding in *Globetrotter*. *See Globetrotter*, 362 F.3d at 1377. That bad faith is absent when a statement is objectively accurate does not mean bad faith is present whenever some other showing is made.

Second, Aura fails to acknowledge that *Global Tubing* was quoting *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011) (en banc), a case involving inequitable conduct, which is a defense not alleged by Aura. ECF No. 20 at 8. Indeed, the complete *Therasense* discussion cuts against Aura, by explaining that intent to deceive cannot be inferred from nondisclosure alone. *See Therasense*, 649 F.3d at 1290–91. Yet Aura's bad-faith theory rests entirely on the inventor's alleged failure to disclose the '011 patent to the USPTO. ECF No. 20 at 8. Even taken on its own terms, that allegation would not establish inequitable conduct, which Aura has not pled, much less the objective baselessness *Globetrotter* requires, which Auro hasn't shown either. Aura's argument that *Globetrotter* shows Semisilicon asserted the '546 patent despite objective baselessness of that assertion must fail.

**2. The holding in *Landmark* does not save Plaintiff's claims here.**

Plaintiff argues that this District rejected preemption and the *Noerr-Pennington* doctrine in *Washington v. Landmark Tech. A, LLC*, 637 F. Supp. 3d 1154 (W.D. Wash. 2022), but that case is inapplicable here. *See* ECF No. 20 at 8–9.

In *Landmark*, the State alleged that the defendant was an "abusive PAE," i.e., a "patent troll," that "assert[ed] patents in bad faith, target[ed] smaller companies that cannot afford protracted litigation, and demand[ed] payment of licensing fees." *Landmark*, 637 F. Supp. 3d at 1158. The State brought claims under the Patent Troll Prevention Act ("PTPA"), ch. 19.350 RCW, and the Consumer

Protection Act ("CPA"), ch. 19.86 RCW, against a patent-assertion entity, and the court held only that the State's allegations were sufficient to survive a motion to dismiss.

Plaintiff has not alleged a PTPA claim at all, and nothing in the FAC resembles the allegations of bad faith at issue in *Landmark*. Semisilicon initiated an Amazon APEX proceeding asserting that one Aura product (ASIN B0DC3BG9T3) infringes the '546 patent. Landmark, by comparison, allegedly sent 1,892 patent assertion demand letters to 1,176 different target companies in 48 states over an 18-month period. *Landmark*, 637 F. Supp. 3d at 1158.

**3. Semisilicon's initiation of an Amazon APEX proceeding does not constitute bad faith.**

Aura alleges that Semisilicon acted in bad faith by using Amazon's APEX process rather than pursuing district court litigation for patent infringement, but using APEX suggests no bad faith. *See Godox Photo Equip. Co. v. Profoto Aktiebolag*, No. C25-0502-KKE, 2025 WL 2172705, at *5-6 (W.D. Wash. July 31, 2025) (finding that using an APEX proceeding does not suggest objective bad faith). When objective bad faith cannot be found, the Court "need not analyze whether [the patentee] acted in subjective bad faith." *Id.* at *6 (citing *GP Indus., Inc. v. Eran Indus., Inc.*, 500 F.3d 1369, 1375 (Fed. Cir. 2007)); *see also GP Indus.*, 500 F.3d at 1375 ("Subjective considerations of bad faith are irrelevant if the assertions are not objectively baseless.").

Plaintiff elected to opt out of the APEX proceeding, even though the $4,000 fee per participant is significantly less than the cost of litigation in district court. While Aura maintains that use of the APEX procedure forces "Aura to chose [sic] between paying a higher than market royalty or be sued or put out of business," ECF No. 20 at 6–7, that is not so. The APEX procedure allows the seller of the product to opt into the APEX procedure, pay a $4,000 fee (which is returned to the prevailing party), and have an Amazon evaluator decide whether the product infringes the patent in question. If the seller chooses to opt out of the APEX procedure, the seller does not pay the $4,000 fee, but its products are delisted from Amazon. The APEX fee is significantly less than the cost of litigating a patent infringement case, and the APEX procedure is significantly faster.

Under such circumstances, these facts do not support the allegations of bad faith required to support Plaintiff's claims in Counts II and III.

### C. Plaintiff Has Not Alleged Facts Sufficient to Support Counts II And III, Even If Not Preempted or Barred by *Noerr-Pennington*.

Aura's Counts II and III fail independently of federal preemption and *Noerr-Pennington*, and Aura's opposition does not demonstrate otherwise.

#### 1. Aura has not alleged facts supporting each element of a claim for tortious interference.

Aura's tortious interference claim requires five elements, but the amended complaint does not plead facts supporting all of them. *See Leingang v. Pierce Cnty. Med. Bureau, Inc.*, 131 Wn.2d 133, 157, 930 P.2d 288 (1997). Semisilicon's motion explained that Aura has not alleged facts sufficient to establish that Semisilicon took any action for an improper purpose or through improper means. ECF No. 18 at 9. Aura purports to "strongly dispute" that point, but it identifies only its allegations that Semisilicon's patent assertion was baseless and that Semisilicon used the APEX program. ECF No, 20 at 6. This Court has previously found similar allegations insufficient. *See Godox*, 2025 WL 2172705, at *3 (explaining that a showing of bad faith is required to demonstrate a likelihood of success on a tortious interference claim). Aura has no basis for asserting that Semisilicon perpetrated an objectively baseless infringement assertion, especially where Aura contends that claim construction and expert discovery are required for its noninfringement claim to succeed. Aura's arguments about allegedly fraudulently withheld prior art are not substantiated by the allegations in the amended complaint.

Because Aura's amended complaint has not plausibly alleged the elements of tortious interference, Count II fails.

#### 2. Aura has not alleged facts supporting each element of a Consumer Protection Act claim.

Aura's CPA claim also fails because Aura still does not plead the required elements. A CPA claimant must establish "(1) an unfair or deceptive act or practice (2) in trade or commerce (3) that affects the public interest, (4) injury to the plaintiff's business or property, and (5) causation." *Wright v. Lyft, Inc.*, 189 Wn.2d 718, 406 P.3d 1149, 1153 (2017) (citing *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,* 105 Wn.2d 778, 780, 719 P.2d 531 (1986)).



FOSTER GARVEY PC
121 SW MORRISON STREET, SUITE 1100
PORTLAND, OR 97204
TEL: (503) 553-3103

Semisilicon's motion explained that the FAC fails to plead the first, third, and fifth elements. ECF No. 18 at 10–11. Aura's opposition responds only by pointing generally to paragraphs incorporated by reference. ECF No. 20 at 6–7.

The causation element is particularly deficient. Aura asserts that "the fifth element is tied to the allegations in the last paragraph of the FAC," namely, "that Semisilicon was forcing the public to chose [sic] between the two options just referenced above." ECF No. 20 at 7 (citing ECF No. 16, ¶¶ 49, 55). Neither cited paragraph alleges causation. Paragraph 49 alleges that Semisilicon's interference with Aura's relationship with Amazon will cost Aura sales and profits. ECF No. 16, ¶ 49. That allegation goes to the fourth element, injury to the plaintiff's business or property, not to causation. Paragraph 55 alleges that Semisilicon's participation in Amazon's APEX program forced a choice between "higher than market royalties and/or limit supply of product to consumers in the U.S." ECF No. 16, ¶ 55. That allegation describes a purported choice, not a causal link between any unfair or deceptive act by Semisilicon and an injury. Aura therefore fails to plead causation, and its CPA claim fails for this independent reason.

Aura does not assert a claim under the PTPA, so the portion of *Landmark* addressing the PTPA is irrelevant. As to the CPA claim in *Landmark*, the court found that the State's allegations "clearly allege[d] bad faith." *Landmark*, 637 F. Supp. 3d at 1160. Aura, by contrast, has not alleged bad faith on Semisilicon's part. Aura's bad-faith theory depends on the premise that use of Amazon's APEX procedure constitutes bad faith.

That premise fails. As discussed in Section II.B.3, *supra*, this Court has held that use of APEX is not objective bad faith. *See Godox*, 2025 WL 2172705, at *5-6 (finding that an Amazon patent evaluator's ruling in favor of the patentee in an APEX proceeding was not objective bad faith). When objective bad faith is absent, the Court "need not analyze whether [the patentee] acted in subjective bad faith." *Id.* at *6 (citing *GP Indus.,* 500 F.3d at 1375). Without a plausible allegation of bad faith, Aura's CPA claim fails.

## III. THE COURT SHOULD DENY PLAINTIFF'S REQUEST FOR LEAVE TO AMEND

### A. Plaintiff Has Already Attempted to Amend its Complaint And Failed to Allege Viable Claims.

Plaintiff has already amended its complaint once in response to Semisilicon's first motion to dismiss raising the same issues, and Plaintiff has failed to cure the deficiencies.

After a party has amended its pleading once as a matter of course, it may amend further only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court identified the following factors a district court should consider in deciding whether to grant leave to amend:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Id.*; *see Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010) (applying the *Foman* factors). Denying leave is justified when a plaintiff has amended and still has not pled with particularity. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009), as amended (Feb. 10, 2009) (explaining that when the plaintiff has previously been granted leave to amend and subsequently failed to add the requisite particularity to its claims, the court's discretion to deny leave to amend is particularly broad). "A district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously amended." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (quoting *Sisseton–Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996)) (citations omitted).

In its amended complaint, Plaintiff presented an entirely new noninfringement theory (and supposed invalidity theories), but none provided a basis for entering declaratory judgment of noninfringement. Indeed, Plaintiff's admission that the products are provided with an AC adapter cannot be undone.

Further, Plaintiff's state-law counts and preemption argument rest on "fraud on the patent office" and inequitable conduct. ECF No. 20 at 7–8. Those theories must meet the pleading standard of Rule 9(b), which Plaintiff acknowledges and effectively concedes it has made no attempt to satisfy.

ECF No. 20 at 8 ("On reply, Semisilicon may aver that the FAC fails to meet the FRCP 9(b) pleading standard for inequitable conduct, ('*who, what, when, where, and how of the material* misrepresentation'), but that solution to that argument is not dismissal rather [sic] dismissal with leave to amend."). Plaintiff has already attempted once to overcome the clear preemption issues that plague Counts II and III, and the Court should not entertain yet another attempt.

**B. Plaintiff's Attempt To Amend Would Be Futile Because Aura Cannot Undo Its Admissions Or Overcome Federal Preemption.**

The Court should deny Plaintiff's request for leave to amend because allowing Plaintiff to amend its complaint a second time would be futile. Aura cannot cure the deficiencies of its amended complaint by further amendment.

Amendment is futile when the pleading as amended is subject to dismissal and cannot be cured by amendment. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). Denial of leave to amend for futility will be upheld on appeal if "it is clear, upon *de novo* review, that the complaint could not be saved by any amendment." *Carvalho*, 629 F.3d at 893 (quoting *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008)) (internal quotation marks omitted).

**1. Count I is barred by Aura's own admissions.**

Plaintiff cannot cure the deficiencies in its noninfringement allegations without contradicting the allegations in the current amended complaint. By Aura's own admission, the accused products are shipped with "a standard off-the-shelf converter." ECF No. 20 at 3 (citing ECF No. 16, ¶ 25). The accused products are connected to an AC power source, as confirmed by Aura's inclusion of an AC-to-DC power converter when shipping the products. Aura's noninfringement theory misreads the claim language by adding claim requirements that are not recited in the claims, which merely require that the master control unit be electrically connected to an AC power source. Because Aura's own admissions bar Count I, any attempt at amendment would be futile.

**2. Counts II and III are preempted by federal patent law.**

Aura's argument that Counts II and III are not preempted by federal patent law relies on the allegation that participation in Amazon's APEX proceeding constitutes bad faith. ECF No. 20 at 8–9 (arguing that the patentee in *Landmark* made the same preemption and *Noerr-Pennington* arguments

Semisilicon makes here, and that those arguments were rejected). As discussed in Sections II.B.2 and II.B.3, Plaintiff has not alleged and cannot allege objective baselessness or objective bad faith. Indeed, in arguing that claim construction or expert testimony is required for Count I, Plaintiff has confirmed that Semisilicon's infringement allegations were not objectively baseless. Because Aura cannot establish bad faith, Counts II and III are preempted by federal patent law, and any attempt to amend Counts II and III would be futile.

## IV. CONCLUSION

Semisilicon respectfully requests that the Court grant its Motion to Dismiss and dismiss Aura's First Amended Complaint with prejudice. Aura's amended complaint still fails to plead and support viable claims, federal patent law preempts Aura's state-law claims in Counts II and III, and Aura's opposition confirms that further amendment would be futile. The Court should dismiss Aura's First Amended Complaint with prejudice for the foregoing reasons and for those in Semisilicon's Motion to Dismiss (ECF No. 18).

Dated: October 7, 2026

Respectfully submitted,

/s/ Kathleen C. Bricken

Kathleen C. Bricken WSBA #25589
kathleen.bricken@foster.com
**FOSTER GARVEY PC**
121 SW Morrison Street
Suite 1100
Portland, OR 97204
Telephone: (503) 553-3103
Facsimile: (503) 226-0259

Ming-Tao Yang (*pro hac vice* to be filed)
ming.yang@finnegan.com
Jeffrey D. Smyth (*pro hac vice* to be filed)
jeffrey.smyth@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
3300 Hillview Avenue, 2nd Floor
Palo Alto, CA 94304
Telephone: (650)849-6600
Facsimile: (650)849-6666

*Attorneys for Defendant Semisilicon Technology Corp.*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Semisilicon Technology Corp., certifies that this brief contains 3989 words, which complies with the word limit under Civil Local Rules 7(e).

Dated: October 7, 2026

By: */s/ Kathleen C. Bricken*
Kathleen C. Bricken